hCANNELLA, J.,
dissenting.
The dates in the pleadings show prima facie that the case is prescribed. Therefore, plaintiff bears the burden of proof why it is not prescribed. The evidence shows that plaintiff had cognitive remembering of the events but with emotion disassociation. He remembered the events, but it had no emotional effect on him. This is legal repression. When he cognitively remembers the event and feels the emotional impact, then he has a cause of action and prescription commences. The question is when the emotional impact returned to him and defendant bears this burden of proof of that date. It would be impossible for plaintiff to prove the negative, how long he did not have the emotional impact. Considering the whole record before us, the emotional impact returned piecemeal and the different times of return are unclear. Also, it is unclear when enough emotional impact returned to him to trigger prescription. Therefore, defendant did not meet its burden of proving when plaintiffs cause of action and prescription commenced to run.
Furthermore, contra non valentum suspends the running of prescription (4) where some cause of action is not known or reasonably knowable by plaintiff. This is generally the prescriptive period that is in effect at the time of the “injury”. If the injury occurred prior to plaintiff obtaining his majority, then the prescriptive statute in effect at the time was one year from date of plaintiffs majority because plaintiff could not sue his parents while still a minor. However, because of the unique nature of this case, the injury occurred when plaintiff recovered enough emotional *551 impact to constitute the injury. That occurred in June of 1995. Therefore, I would apply the 10 years prescription period enacted in R.S. 9:2800.9 in 1993. Further, I would find that the suit was filed timely, reverse the granting of defendants’ exceptions of prescription and remand.